# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 2:13-CR-33 PPS |
| v. | ) | |
| | ) | |
| OLA MOHAMMAD, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before me on the Government's Request for Modification of Post-Indictment Restraining Order, which asks for an order requiring defense counsel to produce statements for his client trust accounts [DE 63]. Because defense counsel has fully complied with the terms of the Restraining Order, the government's request is denied.

Ola Mohammad stands accused of defrauding the United States Department of Agriculture SNAP benefits program to the tune of over $600,000.00. On September 10, 2013, the government applied for a post-indictment restraining order to preserve the availability for forfeiture of certain money they believed to be derived from Mohammad's criminal activity, specifically money transferred by or on behalf of Mohammad to her defense counsel, Haytham Faraj [DE 47]. I held a hearing on the application on October 2, 2013 where I heard testimony from both the government and the Defendant. The government presented evidence that Mohammad had hidden as much as $50,000.00 of the fraudulently obtained money in a safe deposit box at an Illinois bank. They then presented evidence that on August 1, 2013, she visited the bank and closed the safe deposit box. Once the deposit box was closed, Mohammad came up with the funds to retain Mr. Faraj as her attorney, whereas, before August 1, she had not been able to afford representation. The government's theory is that criminal proceeds hidden in the

safe deposit box had been transferred to Faraj as a retainer for his services.

After considering the evidence, I found that the government had met its evidentiary burden, and, on October 24, 2013, I issued the order restraining any money transferred or paid by or on behalf of Ola Mohammad to defense counsel [DE 62-1]. As a part of the Restraining Order, I ordered defense counsel to provide to the United States with an accounting of the date and amount of the money he received from or on behalf of Defendant Ola Mohammad by November 7, 2013 [62-1 at 6]. Defense counsel promptly complied with this order, providing the government with an accounting on October 25, 2013 [DE 63-1].

In the accounting, defense counsel stated that Mohammad's sister, Shariefa Mohammed, paid his retainer with $20,000.00 cash that she delivered, accompanied by her sister, at an August 1, 2013 meeting [*Id.*]. Defense counsel also stated that the $20,000.00 has neither been spent nor comingled with any other funds belonging to his firm or other clients [*Id.*]. Defense counsel gave the same assurance regarding the segregation of Mohammed's funds at the October 2 hearing and in his sealed *ex parte* affidavit [DE 60-1].

The government is not satisfied with counsel's accounting. In their request for modification, the government requests an order directing defense counsel to produce the August 2013 statements for his Illinois and Michigan client trust accounts [DE 63 at 4]. According to their request, they asked defense counsel for copies of this information in order to confirm that he had only received $20,000.00 from Mohammad [DE 63 at 2]. Defense counsel refused the request as going beyond the Restraining Order, and noted that he had not deposited the money into a trust account anyway, but rather kept it as is because he had anticipated that the government would attempt to restrain the money [*Id.*].

Although I well understand the government's zeal and diligence in attempting to chase

down the money they believe was fraudulently obtained from the SNAP program, I do not see the need to go beyond the terms of the Restraining Order in this instance. Defense counsel has stated in both a sworn affidavit and court-ordered accounting that he received only $20,000.00 from Mohammad. He has also repeatedly attested, in his filings and in person at the hearing, that the money he received on behalf of Mohammad has been preserved, segregated from other funds, and is awaiting surrender to the government. Defense counsel has been straightforward with me throughout this process, and at this point, I do not have reason to suspect he is not being truthful with the Court. Moreover, as an officer of the court, he is well aware of the severe criminal, civil, and professional penalties that would result from dishonesty about this matter.

My order prohibited defense counsel from using the money paid to him on behalf of Ola Mohammad and ordered him to provide an accounting of the date and amount of money he received on Mohammad's behalf. Defense counsel has complied with the order, and at this point, there is no reason to go any further.

Accordingly, the Government's Request for Modification of Post-Indictment Restraining Order [DE 65] is **DENIED.**

**SO ORDERED**.

ENTERED: November 12, 2013

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT